was a truck behind him that was not reacting to his braking and because he thought he had room to get behind the Fords' car. When Goggans spoke to Ford's husband after the accident, Goggans said he thought he had room to get behind their car, but Goggans did not say that someone else had caused the accident, that someone was moving into his lane, or that he was afraid he was going to be hit. Despite remaining partially in the same lane, Goggans was not struck by the car moving over from the left or by the truck behind him.

Ford, who was in the front passenger seat, testified she was jolted into the door by the force of the impact. Both cars remained drivable, and no one received any medical attention at the scene. Within a few hours, Ford developed pain in her lower back. Before the accident, Ford had never had pain in her back or neck. The next day, she went to the emergency room for pain in her back extending into her right leg and pain in her neck. At the emergency room, she received injections to help with the pain and a prescription for pain pills. Over the following weeks, Ford's pain increased. She received treatment from a chiropractor. When the chiropractic and other conservative treatments failed to resolve Ford's issues, the chiropractor recommended she see a neurosurgeon. The neurosurgeon testified that Ford requires surgery to resolve her pain issues.

Ford sued Goggans for negligence. The jury determined that Goggans proximately caused the accident and that Ford's damages were $292,500. The trial court entered judgment in accordance with the jury's verdict.

## SUFFICIENCY OF THE EVIDENCE

Goggans contends the evidence is legally and factually insufficient to support the jury's verdict.